UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20296-CR-BECERRA(s)
18 U.S.C. § 371
18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(d)(1)

FILED BY ____MP____ D.C.

Jul 23, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

**KEVIN ELIAN LARRAHONDO GARCIA,
OSCAR JESUS MEDINA RODRIGUEZ, and
HENYELBERT DARIO FERRER NAVARRO,**

    **Defendants.**
    _____/

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy
### (18 U.S.C. § 371)

From on or about June 1, 2024, through on or about June 18, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**KEVIN ELIAN LARRAHONDO GARCIA,
OSCAR JESUS MEDINA RODRIGUEZ, and
HENYELBERT DARIO FERRER NAVARRO,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury to commit offenses against the United States, that is, in connection with the acquisition of firearms from federally licensed firearms dealers, to knowingly make false and fictitious written statements to the dealers, which statements were intended and likely to deceive the dealers with respect to any fact material to the lawfulness of the sale and other disposition of said firearms, in violation of Title 18, United States Code, Section

922(a)(6).

## OBJECT AND PURPOSE OF THE CONSPIRACY

It was the object and purpose of the conspiracy for the defendants and their co-conspirators to obtain firearms from federally licensed firearm dealers under false pretenses.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy, included among other things, the following:

1. Defendants **OSCAR JESUS MEDINA RODRIGUEZ** and **HENYELBERT DARIO FERRER NAVARRO** would utilize defendant **KEVIN ELIAN LARRAHONDO GARCIA** as a "straw buyer" to purchase firearms from federally licensed firearms dealers.

2. **OSCAR JESUS MEDINA RODRIGUEZ, HENYELBERT DARIO FERRER NAVARRO**, and their co-conspirators would provide money to **KEVIN ELIAN LARRAHONDO GARCIA** to purchase the firearms.

3. **KEVIN ELIAN LARRAHONDO GARCIA** would then falsely represent to a federally licensed firearms dealer that he was purchasing firearms for himself when the firearms were in fact for his co-conspirators.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about June 1, 2024, defendants **KEVIN ELIAN LARRAHONDO GARCIA, OSCAR JESUS MEDINA RODRIGUEZ,** and **HENYELBERT DARIO FERRER NAVARRO** arrived at Miami International Arms Corp, a federally licensed firearms dealer

2

located in Miami, Florida.

2. On or about June 1, 2024, in the parking lot of Miami International Arms Corp, **OSCAR JESUS MEDINA RODRIGUEZ** provided **KEVIN ELIAN LARRAHONDO GARCIA** money to purchase firearms.

3. On or about June 1, 2024, **KEVIN ELIAN LARRAHONDO GARCIA** purchased thirteen (13) semi-automatic AK-47 style firearms from Miami International Arms Corp and in connection with the purchase falsely stated on Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and as **LARRAHONDO GARCIA** then and there well knew, he was acquiring the firearms on behalf of others known and unknown to the Grand Jury.

4. On or about June 11, 2024, **KEVIN ELIAN LARRAHONDO GARCIA** arrived at Miami International Arms in a white vehicle.

5. At or around the same time on June 11, 2024, **OSCAR JESUS MEDINA RODRIGUEZ** and **HENYELBERT DARIO FERRER NAVARRO** arrived at Miami International Arms Corp in a blue vehicle driven by **FERRER NAVARRO**.

6. On or about June 11, 2024, **KEVIN ELIAN LARRAHONDO GARCIA** purchased twenty-four (24) semi-automatic AK-47 style firearms from Miami International Arms Corp and in connection with the purchase falsely stated on Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and as **LARRAHONDO GARCIA** then and there well knew, he was acquiring the firearms on behalf of others known and unknown to the Grand Jury.

7. On or about June 11, 2024, after **KEVIN ELIAN LARRAHONDO GARCIA** completed the purchase of the twenty-four (24) AK-47 style rifles, he, **OSCAR JESUS MEDINA**

RODRIGUEZ, and **HENYELBERT DARIO FERRER NAVARRO** placed the firearms into the trunk of **MEDINA RODRIGUEZ**'s and **FERRER NAVARRO**'s blue vehicle.

8. On or about June 11, 2024, **OSCAR JESUS MEDINA RODRIGUEZ** and **HENYELBERT DARIO FERRER NAVARRO** departed Miami International Arms Corp's parking lot in the blue vehicle containing the twenty-four (24) AK-47 style rifles.

9. On or about June 11, 2024, **KEVIN ELIAN LARRAHONDO GARCIA** departed Miami International Arms Corp's parking lot separately in the vehicle he had arrived in, without any of the AK-47 style rifles he had purchased moments earlier.

10. On or about June 12, 2024, **KEVIN ELIAN LARRAHONDO GARCIA** arrived at Miami International Arms Corp with Individual 1.

11. On or about June 12, 2024, **KEVIN ELIAN LARRAHONDO GARCIA** purchased twenty-six (26) semi-automatic AK-47 style firearms and in connection with the purchase falsely stated on Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and as **LARRAHONDO GARCIA** then and there well knew, he was acquiring the firearms on behalf of others known and unknown to the Grand Jury.

12. On or about June 12, 2024, after purchasing the twenty-six (26) semi-automatic AK-47 style firearms, **KEVIN ELIAN LARRAHONDO GARCIA** and Individual 1 moved some of the AK-47 style firearms to the bed of a red Chevrolet pickup truck driven by Individual 2, which red Chevrolet pickup truck then departed with the five AK-47 style rifles.

13. Later that same day on June 12, 2024, **KEVIN ELIAN LARRAHONDO GARCIA** and Individual 1 departed Miami International Arms Corp's parking lot with the remaining AK-47 style firearms purchased on June 12, 2024, and drove to the parking garage of

4

an apartment complex.

14. Soon thereafter, on June 12, 2024, **OSCAR JESUS MEDINA RODRIGUEZ** and **HENYELBERT DARIO FERRER NAVARRO** arrived together at that same apartment complex parking garage in a separate vehicle.

15. On or about June 12, 2024, **OSCAR JESUS MEDINA RODRIGUEZ** and **HENYELBERT DARIO FERRER NAVARRO** then removed the AK-47 style rifles from **KEVIN ELIAN LARRAHONDO GARCIA**'s and Individual 1's vehicle and placed them in **MEDINA RODRIGUEZ**'s and **FERRER NAVARRO**'s vehicle.

16. On or about June 18, 2024, **OSCAR JESUS MEDINA RODRIGUEZ** and **HENYELBERT DARIO FERRER NAVARRO** arrived at Miami International Arms Corp.

17. On or about June 18, 2024, while at Miami International Arms Corp, **HENYELBERT DARIO FERRER NAVARRO** sent **KEVIN ELIAN LARRAHONDO GARCIA** a message saying **FERRER NAVARRO** needed **LARRAHONDO GARCIA**'s signature.

18. On or about June 18, 2024, **KEVIN ELIAN LARRAHONDO GARCIA** then arrived at Miami International Arms Corp and completed a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 in connection with the purchase of twenty-seven (27) AK-47 style rifles.

## COUNT 2
### False Statement During a Firearms Purchase
### (18 U.S.C. § 922(a)(6))

On or about June 1, 2024, in Miami-Dade County, in the Southern District of Florida, the defendant,

**KEVIN ELIAN LARRAHONDO GARCIA,**

5

in connection with the acquisition of a firearm from a federally licensed firearms dealer, that is, Miami International Arms Corp, did knowingly make a false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, which was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale of said firearm, in that the defendant represented that he was the actual buyer of the firearm, when in truth and in fact, and as the defendant then and there well knew, he was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

It is further alleged that the firearms were:

- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC23PL14422;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC23PL14402;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL19460;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20832;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20975;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20888;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20949;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20932;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20849;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20834;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20960;
- One (1) Pioneer Arms Sporter AK-47, 7.62 caliber, serial number PAC24PL20859; and
- One (1) Zastava ZPAPM70, 7.62 caliber, serial number Z70-171391.

## COUNT 3
**False Statement During a Firearms Purchase**
**(18 U.S.C. § 922(a)(6))**

On or about June 11, 2024, in Miami-Dade County, in the Southern District of Florida, the defendant,

**KEVIN ELIAN LARRAHONDO GARCIA,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, that is, Miami International Arms Corp, did knowingly make a false statement in a Bureau of Alcohol,

Tobacco, Firearms and Explosives Form 4473, which was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale of said firearm, in that the defendant represented that he was the actual buyer of the firearm, when in truth and in fact, and as the defendant then and there well knew, he was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

It is further alleged that the firearms were:

- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149688;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149770;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149688;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149747;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149776;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149887;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149754;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149869;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149992;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149756;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149978;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150001;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149826;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149920;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150128;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149849;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149997;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150081;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149927;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149934;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150163;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149929;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149982; and
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150010.

## COUNT 4
### False Statement During a Firearms Purchase
### (18 U.S.C. § 922(a)(6))

On or about June 12, 2024, in Miami-Dade County, in the Southern District of Florida, the defendant,

**KEVIN ELIAN LARRAHONDO GARCIA,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, that is, Miami International Arms Corp, did knowingly make a false statement in a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, which was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale of said firearm, in that the defendant represented that he was the actual buyer of the firearm, when in truth and in fact, and as the defendant then and there well knew, he was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

It is further alleged that the firearms were:

- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150226;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149793;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149677;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149622;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149673;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149722;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149996;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149871;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150018;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149998;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149965;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149651;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150134;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150086;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149752;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149967;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150133;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149936;

- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150083;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150047;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149962;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149937;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7150051;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149941;
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149947; and
- One (1) Century Arms VSKA, 7.62 caliber, serial number SV7149956.

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **KEVIN ELIAN LARRAHONDO GARCIA, OSCAR JESUS MEDINA RODRIGUEZ,** and **HENYELBERT DARIO FERRER NAVARRO,** have an interest.

2. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 922, or any other criminal law of the United States, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States any firearm involved in or used in the commission of such offense, pursuant to Title 18, United States Code Section 924(d)(1).

3. Upon conviction of a violation of Title 18, United States Code, Section 922(a)(6), or any other criminal law of the United Staes, as alleged in this Superseding Indictment, the defendant shall forfeit to the United Staes any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Section 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

TIMOTHY FARINA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-20296-BECERRA(s)

v.

KEVIN ELIAN LARRAHONDO GARCIA,
et al.,
_____ /
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Court Division** (select one)
- ☒ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) Yes
Number of New Defendants  2
Total number of new counts  1

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take  3  days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  ☒ 0 to 5 days
   - II ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Becerra  Case No. 24-20296
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-mj-03201; 24-mj-03202
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of June 20, 2024 (Medina Rodriguez and Ferrer Navarro only)
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _/s/ Timothy Farina_
Timothy Farina
Assistant United States Attorney
Court ID No.    A5503150

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Kevin Elian Larrahondo Garcia

**Case No**:  24-20296-BECERRA(s)

Count #: 1

Conspiracy to obtain firearms through false statements

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** Five (5) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:**  $250,000

Counts #: 2–4:

False statement during a firearms purchase

Title 18, United States Code, Section 922(a)(6)
* **Max. Term of Imprisonment:** Ten (10) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:**  $250,000

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: Oscar Jesus Medina Rodriguez

**Case No**: 24-20296-BECERRA(s)

Count #: 1

Conspiracy to obtain firearms through false statements

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** Five (5) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Henyelbert Dario Ferrer Navarro

**Case No**: 24-20296-BECERRA(s)

Count #: 1

Conspiracy to obtain firearms through false statements

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** Five (5) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.