**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-20296-CR-BECERRA

UNITED STATES OF AMERICA

                Plaintiff,

vs.

OSCAR J. MEDINA RODRIGUEZ

                Defendant.

_____/

**DEFENDANT'S OBJECTIONS TO THE**
**PRE-SENTENCE INVESTIGATION REPORT**

      Defendant, OSCAR J. MEDINA RODRIGUEZ, by and through his undersigned counsel and pursuant to Federal Rule of Criminal Procedure 32(f), and Local Rule 88.8 for the Southern District of Florida, hereby files his objections to the Pre-Sentence Investigation Report ("PSIR") prepared by the probation office.

      Defendant specifically objects to (1) the recommended five-level enhancement under Guideline § 2K2.1(b)(5)(C)(III) for conduct that the defendant knew or had reason to believe "would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully" (*See* PSIR at ¶ 24); and (2) the recommended four-level enhancement under Guideline § 2K2.1(b)(6)(A) for transferring any firearm "with knowledge, intent, or reason to believe that it would be transported out of the United States" (*See* PSIR at ¶ 25).

      **Part A.**    **The Offense: Offense Level Computation**

      **Paragraphs 24, 29, and 33**--- As to Paragraphs 24, 29, and 33, Defendant objects to the recommended five-level enhancement under Guideline § 2K2.1(b)(5)(C)(III) which applies when a defendant engages in conduct that the defendant knew or had reason to believe "would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully."

Defendant's participation in the subject conspiracy was simply as a "middle man." That is, Defendant's role was limited to a courier who helped transport firearms from the vendor to the buyer for a fee. Mr. Medina-Rodriguez never engaged in conversations with either party about the buyer's intentions for the firearms. Under both federal and Florida law, there are restrictions on firearm purchases, and any of those restrictions could have been the reason the actual buyer decided to use the codefendant, Kevin Larrahondo Garcia, as a straw buyer. For example, in Florida, a buyer must be a Florida resident in order to purchase firearms. Furthermore, the buyer must be a United States citizen who is at least 21 years old and who has never been deemed to be mentally defective. Certain arrests, convictions, and substance abuse histories will also prohibit a buyer from being able to legally purchase a firearm. These are just some of the conditions under federal and Florida law which will make a potential buyer a "prohibited person." Therefore, the use of a straw buyer for the purchase is itself no indication of how the actual buyer in this case intended to use the firearms.

The Government bears the burden of proving the applicability of a sentencing enhancement by a preponderance of the evidence. United States v. Booker, 543 U.S. 220 (2005). In this case, the Government has provided no evidence of how the firearms were used after the purchase. Moreover, there is no proof that the actual buyer even transferred the firearms after he acquired them. The Government cannot show that Mr. Medina Rodriguez **knew** that the firearms would be used or disposed of unlawfully if it cannot show that the firearms were in fact used or disposed of unlawfully.

**Paragraphs 25, 29, and 33**--- As to Paragraphs 24, 29, and 33, Defendant objects to the recommended four-level enhancement under Guideline § 2K2.1(b)(6)(A) which applies when a defendant possesses or transfers any firearm "with knowledge, intent, or reason to believe that it would be transported out of the United States."

2

This objection is predicated on the same reasoning as the above objection. Mr. Medina Rodriguez did not participate in any further conduct after he helped transfer the firearms to the actual buyer, and the actual buyer had no personal relationship or prior dealings with Defendant. As with the above objection, the Government cannot show that Mr. Medina Rodriguez possessed or transferred the firearms "with knowledge, intent, or reason to believe that they would be transported out of the United States" since it cannot show that the firearms were in fact intended to be transferred outside of the United States.

**WHEREFORE**, Defendant OSCAR J. MEDINA RODRIGUEZ requests the court to sustain the foregoing objections to the PSIR by finding that Guidelines §§ 2K2.1(b)(5)(C)(III) and 2K2.1(b)(6)(A) do not apply to his offense. Based on the foregoing, Defendant further requests the court to find that the applicable total offense level is 23; the Criminal History Category is I; and the proper sentencing range in this case is 46 to 57 months.[1]

Respectfully submitted,

_s/Robyn Blake_____
ROBYN M. BLAKE
Florida Bar No.: 146129
20295 N.W. 2nd Avenue, Suite 215
Miami, Florida 33169
Telephone: (305) 651-5505
Facsimile: (305) 651-5525
ROBYN M. BLAKE, P.A.
Attorney for Defendant
E-mail: law@robynblake.com

---

[1] The probation office recommends an imprisonment range of 121 to 151 months (*See* ¶ 79). However, the statutory maximum for Defendant's offense is 60 months. Therefore, Defendant is effectively requesting that his sentence be reduced from the maximum of 60 months, to 46 months, which represents the low end of the correct applicable range.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on February 12, 2025.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                s/Robyn Blake_____
                                                ROBYN M. BLAKE